ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RunCore Innovation Technology Co., Ltd.; RunCore USA Corp.,<br><br>    Defendants. | **'15CV0320 GPC BLM**<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant RunCore Innovation Technology Co., Ltd. and Defendant RunCore USA Corp. (collectively referred to hereafter as "RunCore" or "Defendant" or "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for the infringement of its U.S. Patent No. 5,839,108.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-1-

*COMPLAINT*

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital is headquartered and has its principal place of business in this district, engages in business in this district, and has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Southern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Southern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Southern District of California.

5. Upon information and belief, certain of the products manufactured by Defendant have been and/or are currently sold and/or offered for sale by Defendant at, among other places, on its own website at http://www.runcorestore.com to

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

customers, consumers, and/or end-users including but not limited to those located within the State of California.

## PARTIES

6. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

7. Upon information and belief, Defendant RunCore USA Corp. is a corporation registered and lawfully existing under the laws of the State of New York, with an office and principal place of business located at 2118 149 Street, Whitestone, NY 11357.

8. Upon information and belief, Defendant RunCore Innovation Technology Co., Ltd. is a business entity organized and existing under the laws of the People's Republic of China ("China"), with an office and principal place of business located at 1st & 6th Floor, No.662, Lugu Avenue, Yuelu District, Changsha, People's Republic of China.

## THE ASSERTED PATENT

9. On November 17, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,839,108 ("the '108 patent") entitled "Flash Memory File System In A Handheld Record And Playback Device," to its named inventors Norbert P. Daberko and Richard K. Davis. Plaintiff e.Digital is the assignee and owner of the entire right, title and interest in and to the '108 patent and has the right to bring this suit for damages and other relief. A true and correct copy of the '108 patent is attached hereto as Exhibit A.

## COUNT ONE
## INFRINGEMENT OF THE '108 PATENT BY DEFENDANT

10. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 9 above.

11. The accused products include but are not limited to Defendant's Flash

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

*COMPLAINT*

Memory Storage products including but not limited to its SATAIII SSD, ZIF SSD, mSATA SSD, mini-PCle SSD, and/or NAND Controller products. The primary and substantial purpose of the accused products is to write to and store data in electronic format in non-volatile flash memory.

12. Defendant has directly and indirectly infringed and is directly and indirectly infringing Claim 1 of the '108 patent in violation of 35 U.S.C. § 271, *et seq.*, by making, using, offering for sale, selling in the United States and/or importing into the United States without authority, the accused products identified above. Claim 1 of the '108 patent teaches a method of memory management for a non-volatile storage medium. The method comprises several steps, which generally involves, without limitation, writing electronic data segments from volatile, temporary memory to a non-volatile, long-term storage medium by linking data segments according to a number of specified steps.

13. Plaintiff alleges that at least as of the date of the filing of the originally filed complaint in this matter, if not sooner, Defendant knew or should have known of the existence of Claim 1 of the '108 patent and the fact that the accused products infringe said Claim 1.

14. Plaintiff alleges that Defendant sold, sells, offers to sell, ships, or otherwise delivers the accused products to customers or end-users with all the features required to infringe Claim 1 of the '108 patent. Upon information and belief, Defendant knows that the accused products infringe Claim 1 of the '108 patent and intends to induce third parties to include its customers and end-users to also infringe Claim 1 of the '108 patent.

15. Upon information and belief, the accused products, alone or in combination with other products, directly or, alternatively, under the doctrine of equivalents practice each of the limitations of independent Claim 1 of the '108 patent when they are used for their normal and intended purpose of writing to and storing electronic data on non-volatile memory. Thus, Defendant directly infringes

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

*COMPLAINT*

Claim 1 of the '108 patent in violation of 35 U.S.C. § 271(a) when it demonstrates, tests or otherwise uses the accused products in the United States.

16. By way of example, certain website(s) publish the Defendants' datasheets and descriptions of the features and functionality of the accused products. Upon information and belief, customers and end-users are provided information in such publications concerning how to use of the accused products in a way that infringes Claim 1. Such conduct evidences Defendant's act of direct infringement of Claim 1 of the '108 patent.

17. Plaintiff also alleges on information and belief that Defendant uses, makes, sells, offers to sell and/or imports the accused products knowing that they will be used by its customers and end-users for writing and storing electronic data to non-volatile memory utilizing the steps described in Claim 1 of the '108 patent. Defendant's product literature, datasheets, downloads, instructional materials, brochures, and other informational materials and encourage customers to use the accused product(s) knowing that the accused products utilize the methods of memory management taught by Claim 1 of the '108 patent and in a manner it knows infringes upon Claim 1 of the '108 patent.

18. Defendant also provides instructional and/or informational material that instruct customers and end-users on how to connect the accused products and use them as non-volatile storage devices for electronic data. Among other things, Defendant's informational materials lay out step-by-step instructions on how to write data into the memory of the accused products – a process that utilizes the method disclosed in Claim 1 of the '108 patent and which Defendant knows (at the least as of the filing of the original complaint if not sooner) infringes the method taught in Claim 1 of the '108 patent. Plaintiff believes that Defendant directs consumers and end-users to consult and utilize such instructional material.

19. Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the accused products in an infringing manner

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-5-

*COMPLAINT*

based on, among other things, the fact that Defendant encourages its customers and end-users to use the accused products in an infringing manner as set forth in the preceding Paragraphs.

20. As alleged above, incorporated herewith, and based upon information and belief, Plaintiff alleges that Defendant, without authority, has induced and continues to induce infringement of the '108 patent in violation of 35 U.S.C. § 271(b) inasmuch as:

    a. The accused products infringe Claim 1 during the normal use of the accused products by Defendant's customers and/or end-users;

    b. Defendant has known and has been continuously aware of the '108 patent since at least the filing of the original complaint in this action, if not sooner;

    c. Defendant has acted in a manner that encourages and continues to encourage others to infringe Claim 1 of the '108 patent by, among other things, intentionally instructing and/or encouraging customers and end-users to use the accused products in a manner that Defendant knows or should have known would cause them to infringe the '108 patent;

    d. Defendant sells, distributes, and supplies the accused products to customers and end-users with the intent that the products be used in an infringing manner;

    e. Defendant provides instructional and/or informational material designed to instruct customers and end-users to use the products in an infringing manner; and,

    f. Defendant advertises, markets, and promotes the use of the accused products in an infringing manner.

21. As alleged above, incorporated herewith, and based upon information and belief, Plaintiff alleges that Defendant has contributed and continues to

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

contribute to the infringement of Claim 1 of the '108 patent in violation of 35 U.S.C. § 271(c) inasmuch as:

    a. The accused products infringe Claim 1 of the '108 patent during the normal use of the accused products by Defendant's customers and/or end-users;

    b. Defendant has known and has been continuously aware of the '108 patent since at least the filing of the original complaint in this action, if not sooner;

    c. Defendant imports into the United States, sells and/or offers to sell within the United States products that (a) practice the method of memory management of Claim 1 of the '108 patent; and, (b) Defendant knows that the same constitute material infringing component(s) of the accused products, which were made and/or especially adapted for use in the accused products;

    d. The memory management component(s) and methods of the accused products are not staple articles of commerce suitable for substantial non-infringing use with respect to the '108 patent; and,

    e. Defendant sells, has sold, and/or has supplied the accused products knowing of Plaintiff's '108 patent and knowing that the accused products incorporate Plaintiff's patented method and/or were specially adapted for use in a way which infringes the '108 patent.

22. As alleged above, Plaintiff alleges that Defendant had notice of the '108 patent and knowledge of infringement of Claim 1 of the '108 patent since at least the filing of the original complaint in this matter, if not sooner. Defendant has and continues to sell products that practice the '108 patent after acquiring knowledge of infringement.

**PRAYER FOR RELIEF**

-7-

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

1  WHEREFORE, Plaintiff prays for relief and judgment as follows:

2  1.     That Defendants be declared to have infringed the Patent-in-Suit;

3  2.     That Defendants, Defendants officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patent-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

3.     Compensation for all damages caused by Defendants' infringement of the Patent-in-Suit to be determined at trial;

4.     A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

5.     Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

6.     Awarding such other relief as this Court may deem just and proper.

**HANDAL & ASSOCIATES**

Dated: February 13, 2015

By:  /s/Anton N. Handal
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

**HANDAL & ASSOCIATES**

Dated: February 13, 2015

By: /s/Anton N. Handal
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-

*COMPLAINT*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 13th day of February, 2015 at San Diego, California.

Dated: February 13, 2015

**HANDAL & ASSOCIATES**

By: /s/Anton N. Handal
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-10-

*COMPLAINT*